FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**March 10, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ANGELA K. NIELSON, individually and
on behalf of The Estate of Brett W.
Nielson; RYLEE NIELSON; ERIC
NIELSON; LINDA NIELSON,

     Plaintiffs - Appellants,

v.

HARLEY-DAVIDSON MOTOR
COMPANY GROUP, LLC; GOODYEAR
DUNLOP TIRES NORTH AMERICA,
LTD.; GOODYEAR TIRE & RUBBER
CO.; SUMITOMO RUBBER USA, LLC,

    Defendants - Appellees.

No. 21-4046
(D.C. No. 4:18-CV-00013-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **EBEL**, and **EID**, Circuit Judges.
_____

After a motorcycle crash severely injured Plaintiff-Appellant Angela Nielson

and killed her husband, she and her family ("the Nielsons") filed this diversity action

in federal court alleging negligence, strict products liability, and breach of

warranties. They claim that the crash was the result of manufacturing and design

defects in the motorcycle tire and rim, which we assume for the purposes of this

---

* This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal were jointly produced by Defendants Harley-Davidson Motor Company Group, LLC ("Harley-Davidson"); The Goodyear Tire & Rubber Co. ("Goodyear"); and Goodyear Dunlop Tires North America, Ltd., and Sumitomo Rubber USA, LLC ("Dunlop/Sumitomo").[1]

The Nielsons brought in William J. Woehrle to serve as an expert to explain how the alleged defects caused a leak in the rear tire of the motorcycle, which in turn ultimately caused this accident. Upon Defendants' motion, the district court excluded Mr. Woehrle's opinion testimony that the defects caused the leak. Without Mr. Woehrle's testimony on causation, the district court found that the Nielsons could not establish a genuine issue of material fact as to causation and so granted summary judgment to Defendants. The Nielsons now appeal the district court's exclusion of the Woehrle opinion testimony and its grant of summary judgment in favor of Defendants.[2] We find no abuse of discretion by the district court and affirm.

---

[1] We recognize that each Defendant played a different role in the production of the tire and rim at issue, and their respective liability would have to be sorted out at trial. But the Defendants are generally united in opposing the admission of the expert testimony, so we will treat them as a collective for the purposes of this appeal.

[2] The Nielsons have also filed a motion to seal volumes 15 to 18 of the appendix. The district court sealed these materials below because the Defendants had designated them as confidential in discovery and had asserted that they contained confidential trade secrets. The Nielsons thus renewed the request to seal the same documents on appeal for the same reasons. "We will not grant a motion to seal unless the moving party overcomes a presumption in favor of access to judicial records by 'articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" Sacchi v. IHC Health Servs., Inc., 918 F.3d 1155, 1160 (10th Cir. 2019) (quoting Eugene S. v. Horizon Blue Cross Blue Shield of N.J., 663 F.3d 1124, 1135–36 (10th Cir. 2011) (alteration in original)). Upon request from this court, the Nielsons filed a supplement to the motion conceding that they could not provide the specific

To be admissible, opinion testimony from a qualified expert witness must be based on "sufficient facts or data" and "reliable principles and methods" that the expert applied to the facts of the case. Fed R. Evid. 702. The district court must play a "gatekeeping role" to ensure this reliability requirement is met. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993). "[T]he question of whether the district court applied the proper standard and actually performed its gatekeeper role in the first instance" is reviewed de novo. Dodge v. Cotter Corp., 328 F.3d 1212, 1223 (10th Cir. 2003). But the district court has considerable flexibility in how it fulfills those screening duties, so we "review the trial court's actual application of the standard in deciding whether to admit or exclude an expert's testimony for abuse of discretion." Id.; see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

On appeal, the Nielsons raise three challenges to the district court's decision to exclude Mr. Woehrle's testimony: (1) that the district court applied the incorrect standard for assessing the reliability of expert testimony, (2) that the district court's opinion failed to provide a sufficient record to review on appeal, and (3) even if the

---

information required to justify sealing of these documents. The Defendants have not, at this point, filed any independent justification for the motion to seal, nor made any motion of their own. Thus, because no party has pointed out any particularized justification that could overcome the presumption in favor of access to judicial records, we deny the motion to seal. But we will hold this part of our order in abeyance for 30 days from the issuance of this opinion in the event that Defendants wish to make a renewed motion to seal that is focused and limited, providing a strong justification for keeping specified pages and lines of the exhibits confidential. After 30 days, the clerk's office will lift the provisional sealing of the records absent a contrary order from this court.

district court applied the proper standard, the district court abused its discretion in excluding the opinion testimony.

We find no error in the district court's rulings. The district court used the correct legal standard in assessing the liability of expert testimony under Daubert. The district court opinion was sufficient to provide an adequate record for us to review it on appeal. The district court did not abuse its discretion in excluding this opinion testimony.

The district court here properly applied the Daubert factors and found an "impermissible analytical gap between the scientific principle Mr. Woehrle relie[d] on and his defect causation opinions." App'x Vol. XIV at 282. The district court was within its discretion in concluding that Mr. Woehrle did not provide sufficient support for his conclusion that the alleged defects caused this accident as the Nielsons were driving down a highway, after the tire had been in use for many years and only an hour after the tire pressure was checked.

We AFFIRM the district court's exclusion of Mr. Woehrle's expert testimony regarding causation and its grant of summary judgment for the defendants.[3]

---

[3] The Nielsons suggested that summary judgment was inappropriate even if Mr. Woehrle's testimony was properly excluded. But they provided no specific discussion of how non-Woehrle evidence could establish causation, and we find that they failed adequately to brief on appeal their cursory assertion that they could survive summary judgment without Mr. Woehrle's testimony, thus they waived this argument. See Burke v. Regalado, 935 F.3d 960, 1014 (10th Cir. 2019) ("[A]n appellant may waive an issue by inadequately briefing it.").

## CONCLUSION

Based on the foregoing, the district court's grant of summary judgment to

defendants is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge